

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*                                        *Washington, D.C. 20530*

August 15, 2023

Mark J. Langer
Clerk, U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue NW
Washington, DC 20001

        Re:    *United States v. Thomas Robertson*, No. 22-3062
                (Argued May 11, 2023)

Dear Mr. Langer:

      In a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), defendant-appellant Thomas Robertson contends (Letter at 2) that the government's position in this case is inconsistent with the "position" in the indictment in *United States v. Trump*, No. 23-cr-257, ECF No. 1 (D.D.C. Aug. 1, 2023). As an initial matter, the letter does not comply with Rule 28(j) because an indictment in a different case is not a "pertinent and significant" authority. Fed. R. App. P. 28(j).

      In any event, Robertson's contention is flawed in several respects. First, although the indictment in *Trump* charges a violation of 18 U.S.C. § 1512(c)(2), which prohibits the corrupt obstruction of a congressional proceeding, the indictment's allegations do not set forth a "position" on the proper definition of "corruptly" for purposes of Section 1512(c)(2). *See Trump*, *supra*, at ¶¶ 127-28 (incorporating prior allegations and alleging a violation of Section 1512(c)(2) using the relevant statutory language). Second, the language on which Robertson relies—namely, the allegation that defendant Donald J. Trump "obstruct[ed] . . . the federal government function through dishonesty, fraud, and deceit," *id.* at ¶10—charges a violation of a different federal statute, namely 18 U.S.C. § 371. As relevant here, Section 371 requires proof that a defendant "interfere[d] with or obstruct[ed]" a lawful government function "by deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924). Finally, Robertson is incorrect that "dishonesty and deceit are *necessary* to establish corrupt intent." Robertson 28(j) Letter at 2. Just as the improper-benefit theory that Robertson advocates (*see* Br. 12-21) would be sufficient but not necessary to prove that a defendant acted "corruptly" for purposes of Section 1512(c)(2), *see* Gov. Br. 35-39, so too would a theory that a

defendant acted dishonestly, *see Arthur Andersen LLP v. United States,* 544 U.S. 696, 705-06 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013).

    Respectfully,

    /s/ James I. Pearce
    James I. Pearce
    Special Assistant U.S. Attorney
    U.S. Attorney's Office for the District
    of Columbia
    601 D Street, NW
    Washington, DC 20530
    (202) 532-4991
    James.Pearce@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on August 15, 2023. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/ James I. Pearce
    James I. Pearce