ARGUED ON MAY 11, 2023

Nos. 22-3062

# In the United States Court of Appeals for the District of Columbia Circuit

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*

v.

THOMAS ROBERTSON,

*Defendant-Appellee*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
D. CT. NO. 1:21-CR-34 (COOPER, J.)

———————

RESPONSE FOR THE UNITED STATES
IN OPPOSITION TO EN BANC REHEARING

———————

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

NICOLE M. ARGENTIERI
   Acting Assistant Attorney General

LISA H. MILLER
   Deputy Assistant Attorney General

JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................ii

GLOSSARY OF ABBREVIATIONS ......................................................iv

INTRODUCTION.................................................................................. 1

BACKGROUND ................................................................................... 3

ARGUMENT ........................................................................................ 8

I.   Rehearing is not warranted to reconsider Section 1512(c)(2)'s *mens rea* element.................................................9

   A.   The Court's sufficiency holding was correct and does not conflict with a decision from this Court or any other. ................................................................ 10

   B.   This case is an unsuitable vehicle to decide whether other actual or hypothetical defendants have acted "corruptly" for purposes of Section 1512(c)(2). .................................................... 14

II.   Rehearing is not warranted to reconsider Section 1512(c)(2)'s *actus reus* element............................................ 17

CONCLUSION ................................................................................... 20

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

i

# TABLE OF AUTHORITIES

## Cases

*Arthur Andersen LLP v. United States,*
   544 U.S. 696 (2005) .................................................................. 5-6, 12

*Bryan v. United States,*
   524 U.S. 184 (1998) ......................................................................... 11

*In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.,*
   751 F.3d 629 (D.C. Cir. 2014) .......................................................... 8

*Ry. Lab. Executives' Ass'n v. U.S. R.R. Ret. Bd.,*
   749 F.2d 856 (D.C. Cir. 1984) ......................................................... 18

*United States v. Aguilar,*
   515 U.S. 593 (1995) ......................................................................... 13

*United States v. Bryant,*
   117 F.3d 1464 (D.C. Cir. 1997) ......................................................... 4

*United States v. Fischer,*
   64 F.4th 329 (D.C. Cir. 2023) ........................................... 3, 7-9, 17, 19

*United States v. Hansen,*
   599 U.S. 762 (2023) ......................................................................... 17

*United States v. Morrison,*
   98 F.3d 619 (D.C. Cir. 1996) ........................................................... 12

*United States v. North,*
   910 F.2d 843 (D.C. Cir.), *opinion withdrawn and superseded in*
   *part on reh'g,* 920 F.2d 940 (D.C. Cir. 1990) ............... 5-6, 11-12, 14-15

*United States v. Poindexter,*
   951 F.2d 369 (D.C. Cir. 1991) ..................................................... 12, 16

*United States v. Robertson*,
   No. 22-3062, 2023 WL 8010264
(D.C. Cir. Oct. 20, 2023) ..................................................2, 4-8, 10-15, 17

## Statutes, Rules, and Constitutional Provisions

U.S. Const. art. II, § 1, cl. 3 ........................................................................3

3 U.S.C. § 15 (2018) ....................................................................................3

3 U.S.C. § 16 (2018) ....................................................................................3

18 U.S.C. § 1505 ........................................................................................16

18 U.S.C. § 1512 ....................................................................................1, 4-5

18 U.S.C. § 1515 ........................................................................................16

18 U.S.C. § 1752 ........................................................................................5, 7

18 U.S.C. § 231 ..........................................................................................5, 7

40 U.S.C. § 5104 ..........................................................................................5

Consolidated Appropriations Act, Pub. L. No. 117-328, 136 Stat.
   4459 (2022) ..............................................................................................3

False Statements Accountability Act of 1996, Pub. L. No. 104-292,
   110 Stat. 3459 ........................................................................................16

Fed. R. App. P. 35 ........................................................................................8

## Other Authorities

S. Rep. No. 97-532 (1982) .........................................................................12

# GLOSSARY OF ABBREVIATIONS

App.          Appellant's Appendix

App. Let.     Appellant's Rule 28(j) letter (filed Aug. 4, 2023)

Br.           Appellant's Opening Brief

Pet.          Appellant's Petition for Rehearing

SA            Government's Supplemental Appendix

# INTRODUCTION

For his participation in the attack on the United States Capitol on January 6, 2021, as Congress was certifying the results of the 2020 presidential election, defendant Thomas Robertson was charged with several misdemeanor and felony offenses, including a violation of 18 U.S.C. § 1512(c)(2), which makes it unlawful to "corruptly . . . obstruct[], influence[], or impede[] any official proceeding." Robertson came to the Capitol with gas masks and a large wooden stick, having made statements that he was prepared to start an insurgency, and used the stick to hit one officer and swipe at another. He then stormed into the Capitol minutes after it was breached, pounding his stick and chanting with other rioters. Later, he celebrated his actions and acknowledged that he had attacked the government, while also causing his cell phone to take a "lake swim" that "destroyed" anything "problematic." SA 196, 198-200. Based on this evidence, the jury convicted Robertson on all counts. Focusing on his Section 1512(c)(2) conviction on appeal, Robertson argued that the evidence failed to show that he acted "corruptly," which he contended required proof he acted with a "dishonest intent to benefit himself or another." Br. 12. Disagreeing that

Robertson's proffered standard was "the sole and exclusive meaning" for "corruptly" in Section 1512(c)(2), this Court held that "the jury could have found, consistent with the district court's instructions, that Robertson acted 'corruptly' based on evidence that he used felonious 'unlawful means' to obstruct, impede, or influence the Electoral College vote certification." *United States v. Robertson*, No. 22-3062, 2023 WL 8010264, at *5 (D.C. Cir. Oct. 20, 2023). That holding was correct and not in conflict with decisions of other courts.

The two issues on which Robertson seeks en banc rehearing do not merit further review. First, he argues (Pet. 7-14) that the Court's interpretation of "corruptly" in Section 1512(c)(2) is overly broad and renews his claim that the term should encompass only those who act dishonestly and with intent to secure a benefit. But the Court's holding— that the evidence sufficed to demonstrate Robertson acted corruptly through his use of independently felonious means—was correct, and its acknowledgement that other theories (including Robertson's) may in other cases support a showing of corrupt intent is not a basis to grant rehearing in this case. Second, Robertson asks the Court (Pet. 14-17) to reconsider the holding in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir.

2023), that Section 1512(c)(2) encompasses "all forms of obstructive conduct, including [a defendant's] allegedly violent efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. But Robertson failed to preserve that claim on appeal, and this Court denied rehearing on the same issue in *Fischer*. Moreover, Robertson's conduct violated even the narrower interpretation of Section 1512(c)(2) favored by the *Fischer* dissenting opinion. The Court should deny the rehearing petition in this case.

## BACKGROUND

On January 6, 2021, Congress met in joint session at the Capitol to carry out its constitutional and statutory responsibility to open the electoral certificates transmitted from the electors in every state and to certify the results of the 2020 presidential election. U.S. Const. art. II, § 1, cl. 3; 3 U.S.C. §§ 15-16 (2018), *amended by* Consolidated Appropriations Act, Pub. L. No. 117-328, § 109, 136 Stat. 4459, 5238 (2022). Convinced that the 2020 election had been "rigged," Robertson— a North Carlina police officer and Army veteran—proclaimed that he was prepared to start an insurgency and came to the Capitol on January 6 with two companions and several supplies, including gas masks and a

large wooden stick. *Robertson*, 2023 WL 8010264, at *1-*2. He joined a raucous crowd outside the Capitol building and, donning his gas mask, blocked police officers trying to move through the crowd and used his stick to hit one officer and attempt to hit another. *Id.* at *2.[1] Robertson entered the Capitol building three minutes after other rioters had first breached it, and once inside, he pounded his stick in tune to chanting, later describing his conduct toward Members of Congress as "stomping on the roof of their safe room chanting WHOS[E] HOUSE? OUR HOUSE." *Id.* He also characterized his actions as "attack[ing] the government," "storm[ing]" the Capitol, and taking part in "the next American revolution." *Id.* When informed that a warrant for his arrest had issued, Robertson ensured that his "old phone . . . [t]ook a lake swim" and "had a tragic boating accident." *Id.*

A grand jury charged Robertson with obstruction of a congressional proceeding, in violation of 18 U.S.C. § 1512(c)(2); interfering with law

---

[1] Although Robertson suggests (Pet. 3-4) it is "unclear" whether he hit or swung at police officers, those facts are at a minimum "reasonable inferences that may be drawn from the evidence," *United States v. Bryant*, 117 F.3d 1464, 1467 (D.C. Cir. 1997), which this Court properly credited when reviewing the sufficiency of the evidence, *see Robertson*, 2023 WL 8010264, at *2 (citing SA 103).

enforcement officers during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); entering and remaining in a restricted area while carrying a dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) & (b)(1)(A); disorderly conduct in a restricted area while carrying a dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) & (b)(1)(A); disorderly conduct in the Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and altering or destroying evidence with the intent to render it unavailable for a grand jury investigation, in violation of 18 U.S.C. § 1512(c)(1). App.31-34. The jury convicted on all counts.

This Court affirmed. Robertson's primary contention on appeal was that the evidence did not establish that he acted "corruptly" for purposes of Section 1512(c)(2), which he argued (for the first time only after the jury's verdict) required proof that he had acted "dishonestly" and "for financial gain or benefit to himself." Br. 21. To interpret "corruptly," the Court did not "write on a clean slate," *Robertson*, 2023 WL 8010264, at *6, but instead drew from *United States v. North*, 910 F.2d 843 (D.C. Cir.) (per curiam), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990) (per curiam), and *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). Those cases demonstrated that "the

type of proceeding and the nature of a defendant's conduct matter" and confirmed that "the requirement that a defendant act 'corruptly' is met by establishing that the defendant acted with corrupt purpose or via independently corrupt means." *Robertson*, 2023 WL 8010264, at *7. Where, as in Robertson's case, "a defendant uses 'independently criminal' means, the jury 'would not necessarily need to probe the morality or propriety of the defendant's purpose.'" *Id.* (quoting *North*, 910 F.2d at 943 (Silberman, J., concurring in part and dissenting in part)).  By contrast, the Court observed, when a defendant's conduct is not "inherently malign," *Arthur Andersen*, 544 U.S. at 703-04, and does not involve independently criminal means, "'corruptly' can be proved by examining the defendant's purpose," *Robertson*, 2023 WL 8010264, at *7. A defendant's purpose may be "corrupt" where he attempts to obtain an improper benefit or advantage, acts dishonestly, or commits "obstructive acts with 'consciousness of wrongdoing.'"  *Id.* at *8 (quoting *Arthur Andersen*, 544 U.S. at 706-07); *see id.* at *12 (noting that "dishonesty" and "seeking a benefit for oneself or another" "may be sufficient to prove corrupt intent" but are not "necessary").

Resolving Robertson's challenge to the sufficiency of the evidence, however, required the Court only to "identify one way in which the evidence at trial" "could have supported a finding that Robertson acted 'corruptly' when he obstructed . . . the Electoral College vote certification." 2023 WL 8010264, at *8. Holding that "proof of independently felonious means is a *sufficient* way to establish corrupt intent or conduct," *id.* at *9 n.6, the Court concluded that the evidence "amply" established that Robertson committed three felony offenses— trespass in a restricted area with a dangerous weapon (18 U.S.C. § 1752(a)(1), (b)), disorderly conduct in a restricted area with a dangerous weapon (18 U.S.C. § 1752(a)(2), (b)), and interfering with officers during a civil disorder (18 U.S.C. § 231(a)(3))—to obstruct the vote certification. *Id.* at *9. Moreover, Robertson's case did "not present a close question of culpability" as he could not plausibly—and did not—claim that he "was a mere protestor exercising his First Amendment right to peacefully disagree with the outcome of the presidential election." *Id.* at *10.

Judge Henderson dissented. In her view, this Court's prior decision in *Fischer*, 64 F.4th 329, had defined "corruptly" in Section 1512(c)(2) to mean acting "with an intent to procure an unlawful benefit either for

himself or for some other person," *id.* at 352 (Walker, J., concurring), and the panel was "required" to apply that definition, *Robertson*, 2023 WL 8010264, at *22 (Henderson, J., dissenting). Even if not bound by *Fischer*, Judge Henderson "believe[d] 'corruptly' is best read to require" the unlawful-benefit standard favored by the concurring judge in *Fischer*. *Id.* at *25. And applying that standard, Judge Henderson would have concluded that no evidence showed that Robertson obstructed the certification proceeding "to obtain an unlawful benefit for himself or someone else." *Id.* at *32.

## ARGUMENT

Rehearing en banc is "reserved for 'question[s] of exceptional importance' or to preserve 'uniformity of the court's decisions.'" *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 636 (D.C. Cir. 2014) (quoting Fed. R. App. P. 35(a)). Robertson fails to satisfy either standard. He principally argues (Pet. 7-14) that rehearing is appropriate because the Court's definition of "corruptly" reaches too broadly and threatens to criminalize lobbying and other advocacy efforts, whereas his preferred definition avoids these supposed pitfalls. But the Court's holding that Robertson acted corruptly through his use of

8

independently felonious means to obstruct the certification proceeding was correct, would not cover lobbying or advocacy, and does not conflict with any decisions from this Court or other courts of appeals. His alternative contention (Pet. 14-17) that the Court should grant rehearing to reconsider *Fischer*'s holding that Section 1512(c)(2) "encompass[es] all forms of obstructive acts," 64 F.4th at 337, also lacks merit. He did not preserve that argument in this case, and in any event, this Court has already denied rehearing in *Fischer* on the same basis that Robertson advocates here. Moreover, Robertson's conduct violated Section 1512(c)(2)'s *actus reus* element even under the *Fischer* dissenting opinion's narrower interpretation. The request for rehearing should be denied.

## I.   Rehearing is not warranted to reconsider Section 1512(c)(2)'s *mens rea* element.

Contending (Pet. 7) that the Court's decision in this case "failed to deliver" on a "promise[]" in *Fischer* to construe "corruptly" for purposes of Section 1512(c)(2) narrowly, Robertson renews his argument (*id.* at 11-14) that the statute's *mens rea* element must cover only a defendant who acts dishonestly and with the intent to obtain a benefit for himself or another. That contention misapprehends the Court's sufficiency

9

holding—which does not conflict with any other decisions—and ignores the Court's determination that Robertson's concerns about breadth and overcriminalization were not presented in this case and "should be addressed when they arise." *Robertson*, 2023 WL 8010264, at *17.

A.   **The Court's sufficiency holding was correct and does not conflict with a decision from this Court or any other.**

Contrary to Robertson's argument that the Court interpreted "corruptly" with "'eyepopping' breadth" (Pet. 8), the Court's sufficiency holding was narrow and correct.  Surveying relevant precedent from this Court and the Supreme Court, the Court reasoned that Section 1512(c)(2)'s *mens rea* element "protects non-culpable conduct—such as a corporation following a document retention policy for routine reasons or lobbyists and protestors exercising their rights to influence a congressional committee hearing"—by requiring proof that the defendant acted "with a corrupt purpose or via independently corrupt means." *Robertson*, 2023 WL 8010264, at *7 (citations omitted).  Robertson acted corruptly because he employed feloniously "criminal means," namely, carrying a dangerous weapon while trespassing and engaging in disorderly conduct in a restricted area, and interfering with police officers during a civil disorder, and therefore "no proof of corrupt purpose [was]

10

necessary." *Id.* at *10. Moreover, Robertson's conduct—acting as "part of a mob that sought to overturn the result of the election by force" while "us[ing] a dangerous weapon to impede the Electoral College vote certification"—permitted no inference "that he was merely engaged in peaceful expression" and made "the 'corruptness' of his actions . . . not difficult to discern." *Id.* at *10.

In reaching that holding, the Court acknowledged that its decision did not comprehensively set forth every potential definition of "corruptly" for purposes of Section 1512(c)(2). Like "willfully," "corruptly" may fairly be described as "'a word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998); *see Robertson*, 2023 WL 8010264, at *7 (in discerning corrupt intent, "the type of proceeding and the nature of the defendant's conduct matter"). Where, for example, an individual does not employ independently unlawful means—such as trespassing with a dangerous weapon and interfering with police officers during a riot—the government's proof must establish that that individual's purpose was corrupt, *i.e.*, "depraved, evil, or wrongful." *Robertson*, 2023 WL 8010264, at *7 (quoting *North*, 910 F.2d at 942-43 (Silberman, J., concurring in

part and dissenting in part)).  Paralleling Congress's recognition that "the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted . . . [is] limited only by the imagination of the criminally inclined," *United States v. Poindexter*, 951 F.2d 369, 382 (D.C. Cir. 1991) (quoting S. Rep. No. 97-532, at 18 (1982)), a defendant's corrupt purpose "need not be proved in the same way in every case," *Robertson*, 2023 WL 8010264, at *8.

Robertson's claim (Pet. 10) that the Court endorsed an "open-ended" approach that inhibits "the development of the law" is incorrect. Cases interpreting "corruptly" in obstruction statutes have identified several viable corrupt-purpose theories, including Robertson's (current) preferred standard.  *See, e.g.*, *Arthur Andersen*, 544 U.S. at 706-07 (corrupt purpose may be shown through dishonesty); *North*, 910 F.2d at 882-83 (corrupt purpose may be shown where defendant sought an improper benefit or advantage); *United States v. Morrison*, 98 F.3d 619, 630 (D.C. Cir. 1996) (corrupt purpose may be shown where defendant violated a legal duty).  Throughout this case, Robertson himself has advocated multiple approaches to construing the term.  *See* SA 35 (in district court, Robertson proposed: "To act 'corruptly,' the defendant must

12

use unlawful means or have a wrongful or an unlawful purpose, or both"); Br. 21 (on appeal, Robertson argued that "'corruptly' means an act dishonestly done 'with a hope or expectation of either financial gain or other benefit to oneself or a benefit to another person'") (citing *United States v. Aguilar,* 515 U.S. 593, 616-17 (1995) (Scalia, J., concurring in part and dissenting in part)); App. Let. at 2 (in post-argument Rule 28(j) letter, Robertson posited that "dishonesty and deceit are necessary to establish corrupt intent") (emphasis omitted); Pet. 14 (in rehearing petition, Robertson contends that corrupt intent requires a showing of dishonesty, which "involves concealment") (emphasis omitted).  The Court correctly recognized that corrupt intent can take many forms, and upheld as sufficient "only . . . one way" that Robertson acted "corruptly." *Robertson*, 2023 WL 8010264, at *8; *accord id.* at *9 n.6 ("We hold only that proof of independently felonious means is a *sufficient* way to establish corrupt intent or conduct.").

Finally, neither the Court's case-specific holding nor its observation that "there are multiple ways to prove that a defendant acted 'corruptly,'" *Robertson*, 2023 WL 8010264, at *8, conflicts with a decision from this Court or any other court of appeals.  Robertson identifies no case in the

more than thirty years since Judge Silberman's separate opinion in *North* describing the "independently corrupt means" definition, *North*, 910 F.2d at 943 (Silberman, J., concurring in part and dissenting in part), that criticizes, let alone rejects, the conclusion that the government can prove corrupt intent for purposes of an obstruction statute through a showing that the defendant used independently criminal (and here, felonious) means to obstruct an official proceeding. He likewise fails to identify a case that conflicts with the Court's observation that there are "myriad ways," *North*, 910 F.2d at 883, that a defendant may act corruptly, *see Robertson*, 2023 WL 8010264, at *8.

**B. This case is an unsuitable vehicle to decide whether other actual or hypothetical defendants have acted "corruptly" for purposes of Section 1512(c)(2).**

Robertson suggests (Pet. 9-10) that rehearing is appropriate to ensure that Section 1512(c)(2) does not reach lobbying and other forms of political advocacy. That suggestion is flawed and does not merit en banc rehearing.

First, although the Court's construction of Section 1512(c)(2) would not sweep in such activities, this case does not present the issue. The Court's "corruptly" interpretation "protects the right of peaceful advocacy

14

and protest," including for "protestors who passionately, but lawfully, voice displeasure, suspicion, or outrage over elections results." *Robertson*, 2023 WL 8010264, at *12. Because Robertson's actions in no way resembled "the legitimate efforts of lobbyists and protestors to influence policymaking or to express political views," *id.*—and he did not argue otherwise, *id.* at *10—the Court did not address whether Section 1512(c)(2) would apply to hypothetical defendants who "obstruct Congress by means of only 'minor advocacy, lobbying, and protest offenses,' or by 'non-criminal tortious activity.'" *Id.* (citations omitted). Those issues "should be decided in a case that requires resolution of that question." *Id.*

Moreover, although not plausibly described as involving "lobbying" or "minor advocacy," several other cases arising from the January 6 attack on the Capitol currently pending before the Court involve defendants convicted under Section 1512(c)(2). *See Robertson*, 2023 WL 8010264, at *12 ("[C]onstraining lobbying and advocacy are not implicated in January 6 cases because the electoral-vote certification by Congress is not a policymaking exercise open to 'political jousting.'") (quoting *North*, 910 F.2d at 882). Some of those cases involve defendants

15

who are not alleged to have employed independently *felonious* means to obstruct the certification proceeding. *See, e.g., United States v. Brock*, No. 23-3045 (D.C. Cir.) (argued Sept. 27, 2023). Case-by-case application of Section 1512(c)(2), and not rehearing en banc in this case, is the appropriate way to "develop[] . . . the law" (Pet. 10) on this issue.

Finally, to the extent an individual prosecuted under Section 1512(c)(2) can plausibly claim that "the term 'corruptly' is too vague to provide constitutionally adequate notice" that his specific conduct violated the statute, he would properly seek relief through an as-applied constitutional vagueness challenge. *See Poindexter*, 951 F.2d at 379. Just as this Court in *Poindexter* vacated an obstruction conviction on the ground that the defendant did not have reason to know that acting "corruptly" included lying to Congress for purposes of obstructing Congress, in violation of 18 U.S.C. § 1505, *id.* at 386,[2] so too any individual actually prosecuted for congressional obstruction for engaging

---

[2] *Poindexter* was superseded in significant part by the False Statements Accountability Act of 1996, Pub. L. No. 104-292, 110 Stat. 3459. As codified at 18 U.S.C. § 1515(b), that Act provides that the term "corruptly" in Section 1505 "means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement."

in "minor advocacy, lobbying, and protest offenses," *Fischer*, 64 F.4th at 380 (Katsas, J., dissenting), could challenge that prosecution through an as-applied vagueness claim. *See United States v. Hansen*, 599 U.S. 762, 770 (2023) (noting that the "usual[]" way in which courts address whether certain facts amount to an "unconstitutional application[]" is through "case-by-case" analysis).  The district court denied such a challenge in this case, *see* SA 10-13, and Robertson did not appeal that determination to this Court.  He should not be permitted to effectively revive such a claim through a rehearing petition.

## II.   Rehearing is not warranted to reconsider Section 1512(c)(2)'s *actus reus* element.

Robertson also urges the Court to grant rehearing (Pet. 14-17) to reconsider the issue decided in *Fischer* concerning the scope of Section 1512(c)(2)'s *actus reus* element.[3]  But Robertson failed to preserve any challenge to the *actus reus* element on appeal.  In a single paragraph of his appeal brief, Robertson sought to "benefit" from any ruling in *Fischer*

---

[3] Consistent with his view that the *Fischer* concurring opinion's discussion of "corruptly" did not bind the panel, *see Robertson*, 2023 WL 8010264, at *14, Robertson does not urge rehearing to decide what the dissenting judge in *Robertson* deemed the "determinative question": "whether *Fischer* constitutes a holding regarding the meaning of 'corruptly.'" *Id.* at *24 (Henderson, J., dissenting).

that narrowed Section 1512(c)(2). Br. 13. That cursory mention was insufficient to preserve the issue, *see Ry. Lab. Executives' Ass'n v. U.S. R.R. Ret. Bd.*, 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) (treating as waived an argument that included "no discussion of the relevant statutory text, legislative history, or relevant case law"), and the panel accordingly did not address the claim. In addition, Robertson failed to challenge Section 1512(c)(2)'s *actus reus* element in the district court, and that failure would subject his claim—if not already waived—to plain-error review. Those procedural obstacles alone are a ground to deny rehearing on this issue.

Even if Robertson preserved a challenge to Section 1512(c)(2)'s *actus reus* element, rehearing in this case to reconsider *Fischer* is unwarranted. The defendants in that case sought rehearing on the same basis that Robertson advocates here, namely, that "no two opinions" in *Fischer* "constitute[d] a plurality" on the "dispositive legal issues." Petition for Rehearing at 1, *United States v. Fischer et al.*, Nos. 22-3038, 22-3039, & 22-3041 (D.C. Cir.) (filed Apr. 25, 2023). The Court denied rehearing in *Fischer*, and Robertson does not explain why a different outcome is merited here.

18

Reconsideration of the scope of Section 1512(c)(2)'s *actus reus* element is additionally inappropriate here because evidence at trial demonstrated that Robertson violated the statute even under the *Fischer* dissenting judge's narrower construction of the *actus reus* element by engaging in "acts that impair[ed] the integrity or availability of evidence." *Fischer*, 64 F.4th at 370 (Katsas, J., dissenting).  By forcing his way past police officers and storming the Capitol building minutes after it was initially breached, Robertson's conduct "necessarily obstructed the handling, submission, processing, and congressional consideration of each State's electoral votes . . . just as much as if [he] had grabbed a pile of state certificates and run away with them." *United States v. Brock*, No. 23-3045, Order at 3 (D.C. Cir. May 25, 2023) (Millett, J., concurring); *see* Brief for the United States at 59-61, *United States v. Fischer et al.*, Nos. 22-3038, 22-3039, & 22-3041 (D.C. Cir.) (filed Aug. 8, 2022) (making similar argument).  Preventing the Members of Congress from validating the state certificates constitutes evidence-focused obstruction and thus would violate Section 1512(c)(2) even on a narrower view of the statute's scope. *See Brock*, Order at 3 (Millett, J., concurring)

19

(noting that such conduct "would seem" to satisfy "the *Fischer* dissenting opinion's narrow reading" of Section 1512(c)(2)).

## CONCLUSION

The Court should deny the petition for rehearing.

Respectfully submitted,

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

NICOLE M. ARGENTIERI
   Acting Assistant Attorney General

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

LISA H. MILLER
   Deputy Assistant Attorney General

/s/ JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

December 12, 2023

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that the foregoing Brief for the United States was this day served upon counsel for appellees, by notice of electronic filing with the District of Columbia Circuit CM/ECF system.

DATED: December 12, 2023

/s/ James I. Pearce
JAMES I. PEARCE
Special Assistant U.S. Attorney,
601 D Street, NW
Washington, DC 20530
(202) 532-4991
James.Pearce@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations in this Court's order issued on April 26, 2023, because it contains 3,858 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Century 14-point font in text and Century 14-point font in footnotes.

3. This brief complies with the privacy redaction requirement of Fed R. App. P. 25(a)(5) because it contains no personal data identifiers.

4. The digital version electronically filed with the Court on this day is an exact copy of the written document to be sent to the Clerk; and

5. This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.7, which is continuously updated, and according to that program is free of viruses.

DATED: DECEMBER 12, 2023

/s/ James I. Pearce
JAMES I. PEARCE