IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
|     Appellee, | : |
| | : |
| v. | : No. 22-3062 |
| | : |
| THOMAS ROBERTSON, | : |
| | : |
|     Appellant. | : |

## APPELLANT'S MOTION TO REMAND CASE TO DISTRICT COURT FOR RESENTENCING

Undersigned counsel for Appellant, Thomas Robertson, moves this Court to remand the present appeal to the United States District Court for the District of Columbia, with instructions to resentence appellant in light of this Court's recent decision in *United States v. Brock*, __F.4th __, 2024 WL 875795 (D.C. Cir. March 1, 2024), and states:

Undersigned counsel has communicated with Assistant United States Attorney James Pearce, counsel for Appellee, who indicates that the government defers to this Court on the disposition of the instant motion, and will not be filing a response to it.

1

Appellant recognizes that, by order dated March 25, 2024 this Court previously denied his motion to remand this case in light of *Brock*. However, at the time of this earlier motion, the *Brock* mandate had not issued, and the government opposed this motion on thus ground. This Court denied Appellant's earlier motion for a remand "without prejudice." The present motion renews the request for a remand, in light of the issuance of the mandate in *Brock*.

On February 13, 2024, this Court (Hon. Judges Henderson, Pillard, & Pan) granted appellant's unopposed motion to hold appellant's pending petition for rehearing/rehearing en banc in abeyance pending the Supreme Court's disposition of *Fischer v. United States*, No. 23-5572.

On March 1, 2024, this Court issued its decision in *United States v. Brock*, 44 F.4th 39 (D.C. Cir. 2024). This Court issued the mandate in *Brock* on April 23, 2024. *Brock* involved a defendant, like appellant, convicted under 18 U.S.C. § 1512(c)(2), who received a 3-level sentence enhancement for interference with the "administration of justice" under U.S.S.G. § 2J1.2(b)(2). *Compare Brock*, 94 F.4th at 42, *with United States v. Robertson*, 84 F.4th 1045, 1053 (D.C. Cir. 2023). Appellant also received an additional 8-level enhancement, under U.S.S.G. § 2J1.2(b)(1)(B), for "causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." *Robertson*, 84

F.4th at 1053. The defendant in *Brock* did not receive this 8-level enhancement, but, like the § 2J1.2(b)(2) enhancement, it is based on "obstruct[ing] the administration of justice."

On appeal to this Court, appellant challenged the imposition of the 3-level enhancement under § 2J1.2(b)(2), and the 8-level enhancement under § 2J1.2(b)(1)(B). *Id*. at 1070 ("In Robertson's view, his conduct does not fall within either subsection (b)(1)(B) or (b)(2) because Congress's certification of the Electoral College vote does not implicate the 'administration of justice'"). In *Robertson*, this Court reviewed these sentencing challenges for "plain error," and ruled that Robertson failed to meet his burden to demonstrate plain error, finding that "Robertson cites no binding authority limiting the administration of justice to judicial or quasi-judicial proceedings." *Id*. at 1070-71. In *Brock*, however, this Court recently reversed the imposition of the 2J1.2(b)(2) 2J1.2(b)(2) enhancement, finding that the term "administration of justice" refers "to judicial, quasi-judicial, and adjunct investigative proceedings, but does not extend to the unique congressional function of certifying electoral college votes." *Brock*, 94 F.4th at 59.

Thus, post-*Brock*, the binding law of this Circuit precludes the imposition of a sentencing enhancement based on obstruction of the "administration of justice" on defendants – like appellant -- convicted of "imped[ing] the Electoral College vote

3

certification." *Robertson*, 84 F.4th at 1060. Appellant therefore seeks to be resentenced in the district court without the application of the § 2J1.2(b)(2) and § 2J1.2(b)(1)(B) enhancements. Appellant is presently incarcerated based on his 87-month sentence in the present case.

Appellant is mindful that the United States Supreme Court's anticipated decision in *United States v. Fischer*, No. 23-5572 (U.S.) could become grounds for vacating his conviction under 18 U.S.C. § 1512(c)(2). After this case is remanded to the district court, in the event of a defendant-favorable decision in *Fischer* appellant would move the district court to vacate his § 1512(c)(2) conviction.

**WHEREFORE**, appellant respectfully requests that this Court remand this case to the district court for resentencing in accord with *Brock*.

Respectfully submitted,

/s/
Timothy Cone, Esq.
1615 New Hampshire Avenue, N.W.
Washington, D.C. 2009
202-862-4333
timcone@comcast.net

Counsel for Appellant Thomas Robertson
Appointed by this Court

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appellant's Motion to Remand Case to the District Court for Resentencing was filed on April 25, 2024 via the Court's ECF system.