ORAL ARGUMENT SCHEDULED FOR MAY 11, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 22-3062 |
| THOMAS ROBERTSON, | : | |
| Defendant-Appellant. | : | |

## JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS ADDRESSING *UNITED STATES V. FISCHER*

Pursuant to Fed. R. App. P. 27, the United States and appellant Robertson respectfully request leave each to file a supplemental brief of no more than ten pages addressing this Court's decision in *United States v. Fischer*, No. 22-3038, slip op. (D.C. Cir. Apr. 7, 2023). The reasons for this request are as follows:

1. This is an appeal from a judgment of conviction in a criminal case in the United States District Court for the District of Columbia. After a jury trial, defendant Thomas Robertson was convicted of several offenses, including obstruction of a congressional proceeding in violation of 18 U.S.C. § 1512(c)(2), which makes it unlawful for a person to "corruptly . . . obstruct[], influence[], or impede[] any official proceeding."

As relevant here, Robertson raises a challenge to the sufficiency of the evidence supporting his conviction under Section 1512(c)(2). Specifically, Robertson argues (Br. 12-21) that "corruptly" in that statute "requires proof of a defendant's dishonest intent to benefit himself or another." *Id* at 12.

2. In *United States v. Fischer*, *supra*, the Court reversed the district court's ruling that Section 1512(c)(2) "does not apply to assaultive conduct, committed in furtherance of an attempt to stop Congress from performing a constitutionally required duty." Slip op. at 2. In reaching that conclusion, the lead opinion reasoned that "[t]he requirement of 'corrupt' intent prevents [Section] 1512(c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction." *Id.* at 17. The lead opinion refrained, however, from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court in *Fischer*. *Id.* at 19.

In an opinion concurring in part with the lead opinion, Judge Walker agreed that the district court erred by construing Section 1512(c)(2)'s scope too narrowly, but believed it was necessary to define "corruptly" in Section 1512(c)(2) to "make sense of [Section](c)(2)'s act

2

element." *Id.* at 1 (Walker, J., concurring). In Judge Walker's view, "corruptly" for purposes of Section 1512(c)(2) should be interpreted to mean to "act with an intent to procure an unlawful benefit either for oneself or for some other person." *Id.* at 13 (cleaned up). Judge Walker indicated that his interpretation of "corruptly" was "necessary to [his] vote to join the lead opinion's" holding and thus may represent a holding of its own. *Id.* at 22 n.10. The lead opinion, however, rejected the concurring opinion's suggestion that its analysis of "corruptly" "might bind future panels." *Id.* at 21 n.5 (lead opinion).[*]

3. Given the differing accounts of the role of "corruptly" offered in the lead and concurring opinions in *Fischer*, the parties respectfully suggest that the Court would benefit from additional briefing from the parties setting out their views on *Fischer*'s precedential effect, if any, on the interpretation of "corruptly" in Section 1512(c)(2).

4. Because this case is scheduled for oral argument on May 11, 2023, the parties propose the briefs be limited to no longer than ten pages. The government is prepared to file its brief by April 18, 2023, and proposed that date for simultaneous briefing to counsel for Robertson.

---

[*] Judge Katsas authored a dissenting opinion.

3

However, because counsel for Robertson is out of the country until April 28, Robertson has requested that his supplemental brief be due on or after May 4.

4. The motion for leave to file supplemental briefs is a joint motion. Counsel for Robertson agrees to the motion on the condition, noted above, that the Court allow him to file his brief on or after May 4. The government, in turn, does not object to Robertson's proposed briefing deadline as long as that scheduling does not delay the oral argument scheduled for May 11.

Wherefore, the parties respectfully request that the Court grant leave to file supplemental briefs no longer than ten pages addressing *Fischer*'s precedential effect, if any, on the interpretation of "corruptly" in Section 1512(c)(2), and that this Court order the supplemental briefing to be completed before the scheduled May 11, 2023, oral argument in this case.

                                        Respectfully submitted,

                                        /s/ James I. Pearce\_\_\_\_
                                          Special Assistant U.S. Attorney
                                          U.S. Attorney's Office for the District of Columbia
                                          601 D Street, NW

                              Washington, DC 20530
                              (202) 532-4991
                              James.Pearce@usdoj.gov

                              <u>/s/ Timothy Cone</u>
                              Timothy Cone, Esq.
                              1615 New Hampshire Avenue N.W.
                              Washington, D.C. 20009
                              Tel. (202) 862-4333
                              timcone@comcast.net

April 10, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 673 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced, 14-point font using Microsoft Word.

/s/James I. Pearce
JAMES I. PEARCE
Special Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 532-4991
James.Pearce@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/James I. Pearce
JAMES I. PEARCE
Special Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 532-4991
James.Pearce@usdoj.gov