**Timothy Cone, Esq.**
1615 New Hampshire Avenue, NW
4th floor (North)
Washington, DC  20009
Phone: (202) 548-7722
Direct: (202) 862-4333
Email: timcone@comcast.net

May 12, 2023

Ms. Amanda Himes
Clerk's Office
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW Rm 5205
Washington DC 20001

Re:  United States  v. Thomas Robertson, Appeal No. 22-3062

Dear Ms. Himes,

In response to Judge Pillard's request during oral argument in this case, undersigned counsel files this Rule 28(j) letter.  Courts of Appeals outside this Circuit apply plain error review on appeal when a defendant challenges a sentencing enhancement on "different grounds" from the arguments below.  *See, e.g., United States v. Corbett*, 921 F.3d 1032 (11th Cir. 2019); *United States v. Dahl*, 833 f.3d 345, 349 (3rd Cir. 206).   There do not appear to be any decisions in this Circuit that apply this rule.  This Circuit applies "plain error" review when a defendant "fails to raise a claim at his sentencing hearing or fails to object to a district court's ruling."  *United States v. Mack*, 841 F.3d 514, 522 (D.C. Cir. 2016) (citation omitted).

However, even if the "different grounds" rule were adopted by this Circuit, it would not apply here.  Reply Br. 16 (Robertson's objections at sentencing that the U.S.S.G. § 2J1.2 enhancements should not be imposed because his conduct did not involve causing "'a premature or improper termination of a felony investigation' . . . echoed his argument on appeal that his conduct, if it interfered with the Electoral College vote, did not obstruct the 'administration of justice.'")  (quoting A068-72). The "plain error" forfeiture rule exists to give district courts "the opportunity to consider and resolve" the issue being raising on appeal.  *Mack*, 841 F.3d at 525.  Here, the district court had this opportunity.  SA069 (district court overrules Robertson's § 2J1.2 objection on the grounds that "the thing that was interfered with was the certification of the vote, and there was both a delay in the certification vote as a result of the riot, and then substantial costs were incurred to respond to the damage caused by the riot.").

Respectfully submitted,

/s/ Timothy Cone
  Timothy Cone, Esq.

Counsel Appointed by the Court
For Appellant Robertson